UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
UNITED STATES OF AMERICA            )
                                   )
        v.                          )   CR. No. 08-141-S
                                   )
JOSE ANTONIO LAZALA,                )
                                   )
        Defendant.                  )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

Jose Antonio Lazala has filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Motion") (ECF No. 231) pursuant to 28 U.S.C. § 2255. In his Motion, Lazala asserts ineffective assistance of counsel. For the reasons stated below, the Motion is DENIED and DISMISSED.

I.  Background

After months of investigation in the summer of 2008, seven individuals, including Lazala, were arrested based on narcotics trafficking activities. On February 11, 2009, a federal grand jury in the District of Rhode Island returned a twenty-three count Superceding Indictment, six counts of which pertained to Lazala. (ECF No. 31.)

On October 23, 2009, Lazala pleaded guilty, pursuant to a written plea agreement, to: conspiracy to distribute

and possess with the intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count I); illegal re-entry in violation of 8 U.S.C. §§ 1326(a) and (b)(2) (Count XXI); being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (Count XXII); and being an illegal alien in possession of ammunition in violation of 18 U.S.C. § 922(g)(5) (Count XXIII). Throughout all proceedings, Lazala was represented by attorney Charles A. Tamuleviz.

In exchange for Lazala's guilty plea, the government agreed to: recommend a Guidelines sentence, recommend a two-level reduction in the offense level for acceptance of responsibility, move for an additional one-level adjustment, and dismiss Counts III and VII of the Superceding Indictment. (See Plea Agreement ¶ 2, ECF No. 78.) The government also agreed not to file a sentencing enhancement pursuant to 21 U.S.C. § 851 for two prior felony drug convictions, which may have led Lazala to face mandatory life imprisonment. (Id.)

At the change of plea hearing on October 23, 2009, Lazala admitted that the total quantity of heroin involved in the case exceeded one kilogram and that he re-entered the United States after having been previously deported. (See Change of Plea Hr'g Tr. 19-20, Oct. 23, 2009, ECF No.

109.) In actuality, Lazala agreed to the facts that the government presented, with the only objections involving minor, non-substantive clarifications. (Id. at 21-24.)

The Probation Office subsequently prepared a Presentence Investigation Report ("PSR") stating that Lazala had prior felony drug convictions, in addition to emphasizing the mandatory minimum sentence that he faced. (PSR ¶¶ 49-50, 72.) Lazala's Guidelines range was 151-188 months of incarceration. (Id. at ¶ 72.) The calculation included a credit for acceptance of responsibility. (Id. at ¶ 21.)

At the April 2, 2010 sentencing hearing, Lazala made no objections to the PSR with the exception of a two-level adjustment for possession of a dangerous weapon. (See Sent. Hr'g Tr. 4-5, Apr. 2, 2010, ECF No. 119.) The Court granted Lazala's objection and imposed a sentence of 138 months imprisonment on Counts I and XXI, consistent with the mid-point of the advisory Guidelines range, and ten years on Counts XXII and XXIII to run concurrently with Counts I and XXI. (Id. 42-43.)

Lazala subsequently timely filed the instant Motion pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. Lazala argues that his counsel failed to: (1) contest the quantity of heroin involved, (2)

contest the role adjustment in regards to the conspiracy charge, and (3) challenge his re-entry charge. (Def.'s Mem. of Law & Facts in Support of Mot. ("Def.'s Mem.") 7, ECF No. 231-1.)

II.  Discussion

    A.  Section 2255

Generally, the grounds justifying relief under § 2255[1] are limited. A court may grant relief under § 2255 in instances where the court finds a lack of jurisdiction, a constitutional error, or a fundamental error of law. See United States v. Addonizio, 442 U.S. 178, 185 (1979). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Id. at 185 (internal citation omitted).

---

[1] Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

B.   Ineffective Assistance of Counsel Claim

Lazala's claim that his counsel was ineffective is without merit.  In order to succeed on an ineffective assistance claim, Lazala must demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for his attorney's unprofessional errors, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 688-94 (1984); see also Moreno-Espada v. United States, 666 F.3d 60, 64 (1st Cir. 2012).  To satisfy the first part of the two-prong test, the defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.  Second, Lazala must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.

"A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial

strategy.'"[2]  Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).  Additionally, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.  (citing United States v. Morrison, 449 U.S. 361, 364–65 (1981)).

Here, in the guilty plea context, Lazala "has to demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  Moreno-Espada, 666 F.3d at 64 (quoting United States v. Colon-Torres, 382 F.3d 76, 86 (1st Cir. 2004)).  Lazala "maintains that his plea agreement was unintelligent because defense counsel misinformed him as to the full and accurate exposure of the charge(s) and waiver of his appeal rights."  (Def.'s Mem. 5.)

The government emphasizes that the plea agreement was highly favorable to Lazala, and that "counsel would have been ineffective for jeopardizing this agreement by raising the frivolous challenges Lazala now seeks." (Gov't Resp. 6-7.)  Despite this, Lazala filed the instant Motion,

---

[2] As Lazala's statements indicate, he is not challenging his counsel's strategic decisions.  (See Def.'s Mem. of Law & Facts in Support of Mot. ("Def.'s Mem.") 4, 6, ECF No. 231-1.)

asserting that his counsel was ineffective. Further, Lazala states that "defendant counsel's [sic] did not contest the determination of relevant conduct as to the quantity of heroin, conspiracy, re-entry, at sentencing." (Def's Mem. 7.)

First, Lazala argues that his attorney was deficient for the failure to contest his role and his relevant conduct in relation to the quantity of heroin involved. However, at the change of plea hearing, Lazala admitted that the total quantity of heroin involved in the case exceeded one kilogram. (See Change of Plea Hr'g Tr. 19-20.) Further, Lazala agreed to the facts that the government presented in regards to the quantity of drugs involved. (Id. at 15-23.) As mentioned above, Lazala only contested minor, non-substantive facts presented. (Id. at 21-24.)

Second, Lazala contends that his attorney did not contest the determination of the conspiracy. (Def.'s Mem. 11.) Lazala asserts that he was not a part of the conspiracy, and that, instead, "[h]e was just a small dealer." (Id.) However, Lazala did not contest the government's facts, including the facts that he sold 21.91 grams of heroin directly to a customer and purchased the heroin he sold from another individual involved in the

conspiracy. (See Change of Plea Hr'g Tr. 15-21; see also Plea Agreement.) Overall, the evidence against Lazala supported the conclusion that even though he was not an organizer or leader, he was a manager or supervisor of the conspiracy. (PSR ¶ 26; see also Change of Plea Hr'g. Tr.)

Third, Lazala also claims that counsel failed to challenge his re-entry charge. Lazala now claims his deportation was illegal; "[s]o there was never a Illegal Re-entry [sic] by the defendant." (Def.'s Mot. 10.) Although confusing, Lazala contends that "[n]or the court or neither the defendant [sic] counsel, never informed defendant about how these plea/convictions could affect his papers, and never did counsel or this court look at his deportable papers or his old conviction to see if defendant was ever informed about how plea could affect his papers in U.S.A." (Id. (citing Strickland). However, Lazala admitted to re-entering the United States after having been previously deported due to the commission of a crime. (See Sent. Hr'g Tr. 39.) Lazala has also failed to offer any evidence that his deportation was illegal or that his re-entry was in fact legal. Thus, regardless of his contention that he was illegally deported, his claim that his counsel was ineffective for failing to challenge his conviction for illegal re-entry is without merit.

In furtherance of Lazala's re-entry argument, he asserts "the Supreme Court, in Padilla v. Kentucky, 130 S. Ct. 1473, 1480-82 (2010) recognized that the Sixth Amendment Right to effective assistance of counsel includes a duty to inform non-citizens defendant's [sic] of the impact a plea will have on their immigration status." (Def.'s Mem. 10.)  In Padilla, the Court held that constitutionally competent counsel would have advised a defendant that a conviction for drug distribution may make him subject to automatic deportation.  Padilla, 130 S. Ct. at 1478.  The Court further emphasized that prevailing professional norms supported the fact that counsel must advise a client about the risk of deportation.  Id. at 1482.  There, counsel provided the defendant with the false assurance that his conviction would not result in his removal from the country.  Id. at 1483.

Padilla is unhelpful to Lazala.  Lazala pleaded guilty before Padilla, so it was not clearly established law at the time of his guilty plea.[3]  Further, there is no indication in the opinion that Padilla was to be made

---

[3] Padilla v. Kentucky, 130 S. Ct. 1473 (2010), was decided on March 31, 2010, three days before Lazala's sentencing.

retroactively applicable.[4] Therefore, Lazala's counsel did not violate the Strickland test as it is unreasonable to expect Lazala's attorney to undo a plea agreement based on a case that was decided three days prior to his sentencing.

Above all, Lazala has stated that he understood the terms of the plea agreement, that his decision to plead guilty was voluntary, and that he was fully satisfied with the representation he received by his attorney. (See Change of Plea Hr'g Tr. 5-6.) Although Lazala raises the above-mentioned arguments, he fails to explain that there was a reasonable probability that he would not have pleaded guilty but for counsel's alleged ineffectiveness. Not only has Lazala failed to demonstrate that counsel made such serious errors, he has also failed to show that the alleged errors were so serious as to deprive him of a fair trial, or demonstrate the effect that such errors may have had on his sentence. Therefore, his contentions are without merit.

Lazala has also filed a reply memorandum to the government's response (ECF No. 246) in which Lazala raises new arguments. The Court declines to address these

---

[4] Moreover, in a later case, the Supreme Court confirmed that "Padilla does not have retroactive effect." Chaidez v. United States, 133 S. Ct. 1103, 1105 (2013).

arguments as including them violates the Rules Governing Section 2255 Proceedings.[5]

C. Additional Requests

At one point, Lazala filed a Motion to Stay. (ECF No. 233.) He also requested the appointment of legal counsel, in addition to an evidentiary hearing. (ECF No. 231.)

Although Lazala filed the Motion to Stay, he subsequently filed a motion for leave to file the aforementioned reply memorandum, which was granted by text order on March 20, 2013. He then submitted his reply memorandum to the government's response. Therefore, the Court denies the Motion to Stay as moot.

The Court also denies the request for appointment of counsel, and finds that an evidentiary hearing is not necessary.

III. Conclusion

Given that Lazala has failed to submit evidence that his counsel's representation fell below an objective standard of reasonableness and that, but for counsel's

---

[5] Rule 2 of the Rules Governing Section 2255 Proceedings makes clear that the motion to vacate, set aside, or correct the sentence must specify all the grounds for relief available to the moving party. Federal Criminal Code and Rules, Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 2 (2013); see also id., Rule 5. Lazala is therefore limited to the arguments raised in his Motion and the government's response. Id., Rule 5.

errors, the result of the proceeding would have been different, he has not met the <u>Strickland</u> standard. Moreover, he has failed to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on going to trial.  For the foregoing reasons, the instant Motion pursuant to 28 U.S.C. § 2255 is hereby DENIED and DISMISSED.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability ("COA") because Lazala has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Lazala is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter.  <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings.

IT IS SO ORDERED:

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  July 29, 2013